Filed 1/27/26  P. v. Walker CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MEKHI WALKER,<br><br>    Defendant and Appellant. | G065015<br><br>(Super. Ct. No. 24NF1488)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant Mekhi Walker was convicted by a jury of evading the police during a high-speed chase in Orange County. On appeal, his appointed attorney filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against his client, counsel represented he found no arguable issues to advance on appeal and asked us to review the appellate record, which we have done. We also advised Walker of his right to file a written argument on his own behalf, but he has not done so. Finding no arguable issues, we affirm the judgment.

STATEMENT OF FACTS[1]

On the night of September 15, 2023, Anaheim Police Sergeant Kevin Flanagan received a dispatch about a suspected armed robbery at a restaurant on Harbor Boulevard. As he was driving to the scene in his marked patrol car, Flanagan spotted a black Mercedes sedan that was reportedly involved in the robbery. Flanagan activated his siren and overhead lights and began pursuing the Mercedes on the I-5 freeway. At that time, Flanagan was roughly 60 to 90 feet behind the Mercedes, and a police helicopter was tracking it from the sky.

With Flanagan on its tail, the Mercedes rapidly accelerated to about 90 miles per hour and made its way into the emergency lane on the left side of the freeway. Using that lane, the Mercedes was able to bypass a congested area of traffic, where cars were stopped due to an unrelated accident. Flanagan was able to keep up for a brief time after that, but when

---

[1] In addition to evading the police, Walker was also charged with two counts of robbery and one count of possessing a concealed firearm in a vehicle. However, he was acquitted of the robbery counts, and the firearm charge was dismissed at the prosecution's request. Therefore, our statement of facts is limited to the evading charge.

the Mercedes started hitting speeds in the 150 to 160 miles per hour range, he turned off his lights and sirens and reduced his speed.

Flanagan did not give up the chase, though. By the time the Mercedes exited the freeway onto Valley View Street in Buena Park, Flanagan had narrowed the gap significantly. Flanagan reactivated his lights and siren to get the driver of the Mercedes to pull over, but the driver continued to flee with Flanagan in close pursuit.

The Mercedes ended up crashing at an intersection near the 91 freeway on-ramp. Flanagan pulled up to the scene and exited his squad car just as the driver—later identified as defendant Walker—was making his way out of the Mercedes. Upon seeing Flanagan, Walker ran into a residential neighborhood, but the police had the area surrounded, so he ended up running back toward Flanagan. Flanagan pulled his taser and ordered Walker to stop and get down on the ground. When Walker refused the order, Flanagan tasered him and then took him into custody.

At trial, the defense did not put on any evidence. The jury convicted Walker of intentionally evading the police in violation of Vehicle Code section 2800.2. Because Walker's presentence jail time credits exceeded the two-year midterm sentence he received, he did not have to spend any time in prison on this case.

## DISCUSSION

As we mentioned at the outset, appellate counsel was unable to find any arguable issues to raise on Walker's behalf. He did, however, identify one unbriefed issue to assist us in our review of the record: Did the trial court err in excluding statements Walker made to the police after he was arrested?

The statements in question indicate Walker may have been drinking before he fled from Flanagan in his car,[2] which was arguably relevant to whether Walker specifically intended to evade the officer. (See *People v. Gutierrez* (1986) 180 Cal.App.3d 1076, 1081 ["Evidence of voluntary intoxication may be introduced to show the absence of specific intent"].) However, the statements were recorded on a body camera that was assigned to an officer who did not testify at trial. Defense counsel tried to authenticate the statements through Flanagan, but he was not present when the statements were made, he did not know to whom the statements were made, and he could not confirm the statements accurately reflect what Walker said at the scene. Under these circumstances, the trial court did not abuse its discretion in excluding the statements for lack of authentication. (See *People v. Goldsmith* (2014) 59 Cal.4th 258, 267 [to satisfy the authentication requirement, the proponent of the evidence must show it accurately depicts what it purports to be].)

Beyond that, the trial court found Walker's statements were self-serving hearsay that failed to satisfy any exception to the hearsay rule. We discern no abuse of discretion in the court's decision to exclude the statements on that basis as well. (See *People v. Clark* (2016) 63 Cal.4th 522, 590 [a trial court's evidentiary rulings, including "its determination of issues concerning the hearsay rule," are reviewed under the deferential abuse-of-discretion standard].)

Moreover, even if the statements had been admitted into evidence, it is not reasonably likely Walker would have fared any better at trial, given the overwhelming evidence he intentionally evaded Flanagan to

---

[2] At one point, Walker told the police he did not drink liquor, and at another point, he said he was drunk.

avoid apprehension. Therefore, any error in excluding the statements was harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

Having reviewed the entire record for any other arguable issues, we are convinced none exist. We thus affirm the judgment.

DISPOSITION

The judgment is affirmed.


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.